RECEIVED

JAN 1 9 2017

TONY R. MOORE, CLERK
BY _____ DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
_____ DIVISION

Carlos Martel Lynn Smith                  Civil Action No. 17 cv 0086  EC. P
_____
          Plaintiff

Prisoner # D.O.C. 503073

              VS.                          Judge _____

State of Louisiana et al              Magistrate Judge _____
_____
          Defendant

**COMPLAINT**
**PRISONER CIVIL RIGHTS UNDER 42 U.S.C. § 1983**

I.  **Previous Lawsuits**

   a.  Have you begun any other lawsuit while incarcerated or detained in any facility?

       Yes [✓]   No [ ]

   b.  If your answer to the preceding question is "Yes," provide the following information.

      1.  State the court(s) where each lawsuit was filed (if federal, identify the District, if state court, identify the County or Parish):

          Federal

      2.  Name the parties to the previous lawsuit(s):

          Plaintiffs: Carlos M.L. Smith

          Defendants: Shreveport Police Dept.

      3.  Docket number(s): 5:11-cv-02217-TS-MLH

      4.  Date(s) on which each lawsuit was filed: 12-22-2011

      5.  Disposition and date thereof [For example, was the case dismissed and when? Was it appealed and by whom (plaintiff or defendant)? Is the case still pending?]:

          Dismissed

(Rev. 5/1/13)

c. Have you filed any lawsuit or appeal in any federal district court or appeals court which has been dismissed?

Yes [✓]   No [ ]

If your answer to the preceding question is "Yes," state the court(s) which dismissed the case, the civil action number(s), and the reason for dismissal (e.g., frivolity, malice, failure to state a claim, defendants immune from relief sought, etc.).

Frivolity

II.   a. Name of institution and address of current place of confinement:

Caddo Correctional Center

b. Is there a prison grievance procedure in this institution?

Yes [✓]   No [ ]

1. Did you file an administrative grievance based upon the same facts which form the basis of this lawsuit?

Yes [✓]   No [ ]

2. If you did not file an administrative grievance, explain why you have not done so.

3. If you filed an administrative grievance, answer the following question. What specific steps of the prison procedure did you take and what was the result? (For example, for state prisoners in the custody of the Department of Public Safety and Corrections: did you appeal any adverse decision through to Step 3 of the administrative grievance procedure by appealing to the Secretary of the Louisiana Department of Public Safety and Corrections? For federal prisoners: did you appeal any adverse decision from the warden to the Regional Director for the Federal Bureau of Prisons, or did you make a claim under the Federal Tort Claims Act?)

Rejected by Caddo Correctional Center
No Response by LA. Dept of Public Safety & Corrections

Attach a copy of each prison response and/or decision rendered in the administrative proceeding.

III. Parties to Current Lawsuit:

a. Plaintiff, ~~State of Louisiana~~ Carlos M. L. Smith   S.O.#68203  SKT #144939  D.O.C. #503073

Address ~~P.O. Box 94304 Capitol Station Baton Rouge LA 70804~~
Caddo Correctional Center P.O. Box 70110 S'port, LA

Page 2 of 4

(Rev. 5/1/13)

b. Defendant, ~~Amanda Spivey~~ Amanda Spivey, is employed as Probation and Parole at ~~2525 Youree Dr. S'port, LA 71104~~ 2525 Youree Dr. S'port, LA 71104

Defendant, John Bel Edwards, is employed as Governor of LA. at P.O. Box 94304 Capitol Station Baton Rouge, LA 70304

Defendant, James M. LeBlanc, is employed as Secretary of LA. at P.O. Box 94304 Capitol Station Baton Rouge, LA 70304

Additional defendants, Chris Walker, Probation and Parole 2525 Youree Dr. S'port, LA 71104

## IV. Statement of Claim

State the **FACTS** of your case. Specifically describe the involvement and actions of each named defendant. Include the names of all persons involved in the incident(s) or condition(s) giving rise to this lawsuit, and the dates upon which and the places where the incident(s) and/or condition(s) occurred. **YOU ARE REQUIRED TO SET FORTH ONLY FACTUAL ALLEGATIONS. YOU ARE NOT REQUIRED TO SET FORTH LEGAL THEORIES OR ARGUMENTS.**

On 07/22/2016 Amanda Spivey, who is employed under the authority of the State of Louisiana Department of Public Safety and Corrections Division of Probation and Parole "Shreveport District" did in fact and intentionally violate my constitutional amendment rights; defamed my name and character for deliberate deprivation of liberty; continued a reckless disregard for truth; purposefully acted bias by discrimination because of my parole status and willfully conspired vindictively with my ex-associate (Kimberely Ann Poche); with holding information; Amanda Spivey, was the Louisiana Probation and Parole officer assigned to me and on 07/22/2016 acting in the capacity of her job description she deliberately denied me equal protection of the law when she arrested and →

see attachments pgs. 1-6

Page 3 of 4

(Rev. 5/1/13)

## V. Relief

State exactly what you want the court to provide to you or do for you. Make no legal arguments. Cite no cases or statutes.

To reward me with $100,000 in damages for defamation; $100,000 in damages for discrimination; $100,000 to $1,000,000 for civil rights violations; $100,000 in damages for pain and suffering; $100,000 in damages for continuing a reckless disregard for the truth; $100,00 for forcing me to have a preliminary hearing; $100,000 in damages for conducting a preliminary hearing without me present.

## VI. Plaintiff's Declaration

a. I understand that if I am transferred or released, I must apprise the Court of my address, and my failure to do so may result in this complaint being dismissed.

b. I understand that I may not proceed without prepayment of costs if I have filed three lawsuits and/or appeals that were dismissed on grounds that the action and/or appeal was frivolous or malicious, or failed to state a claim upon which relief may be granted, unless I am in imminent danger of serious physical injury.

c. If I am located in a prison participating in the Electronic Filing Pilot Program, I consent to receive orders, notices and judgments by Notice of Electronic Filing.

Signed this 17 day of Jan , 20 17 .

D.O.C.# 503073    S.O.# 68203    J&t# 144639

**Prisoner no. (Louisiana Department of Corrections or Federal Bureau of Prisons)**    **Signature of Plaintiff**

constructively charged only me with possession of schedule one CDS (suspected ecstacy). At first Miss Spivey asked my Grandmother (Jessie Lee Clark) if the pill found hidden beneath the seat cushion of her living room couch belonged to her; indicating the probability that the pill was not mine. Amanda Spivey, intentionally saw no cause to arrest my Grandmother although she deliberately charged me with the felony crime because my hat and eye glasses were seen next to my Grandmother's t.v. remote and telephone. Amanda Spivey, discriminated against me because my Grandmother is elderly and I was on parole. She ill reasoned and gave me the charge although it was clear that I held no actual control over my Grandmother's house and the couch was her property and the pill probably belonged to someone other than me. On 07/22/2016 Amanda Spivey, wrongfully and intentionally characterized and published my name with the possession of illegal drug(s) by way of an incident report containing the Louisiana State Seal and the names of Govenor J.B. Edwards and Secretary J.M. LeBlanc. Amanda Spivey, falsified her incident report by typing that I was miranderized and I stated a lot of things; contradicting her earlier arrest report wherein it was handwritten that post miranda no statements were made. Amanda Spivey, fabricated the incident report stating that her office "had" evidence that I was in

A/1 of 6

possession of a handgun, however on her 08/03/2016 parole revocation report she stated that this evidence was on a facebook social media page. She deliberately remissed this exculpatory evidence, so that her falsified report alone would support violating me and depriving me of liberty.

At some point between June of 2016 and July 22, of 2016 Amanda Spivey conspired with Kimberly Ann Poche, an ex-associate who held vindictive motives to wrongfully deprive me of liberty. Amanda Spivey, gained and published false information from this person for the purpose of defaming me by alleging that I was a drug dealer, gun possessor and some (then) recent domestic violence. Amanda Spivey, at some point during this described period gained misleading information from a three year old little girl, who talked to her over the phone and told her that I was in possession of a gun. Amanda Spivey, further conveyed this misleading information to my Grandmother on 07/22/2016 at approximately 7:15AM and she continued to publicate this defaming and false information through incident reports and State Court examinations.

Amanda Spivey, deliberately fabricated that I had two domestic abuse battery complaints on two different

A/2 of 6

women in 2015. She knew for certain that it was only one woman "Barbette Barker" who lied compulsively. Amanda Spivey, knew this because she aided then the Domestic charges against me by having me arrested at her office and then calling the one woman "Barbette Barker" and informing her of my arrest as she reported. Amanda Spivey, published that I was implicated in the arson of one the two women's home although I have not been charged or questioned, however she deliberately defamed my character to make me look evil and to deprive me of liberty. Amanda Spivey, also fabricated and published that the 2015 Domestic Abuse Battery charges were dismissed via affidavits from different women, however she truthfully knew that only one woman was the alleged victim "Barbette Barker" who vacated her complaint without an affidavit or any other related filing. Amanda Spivey, published this by way of her 07/22/2016 incident report and did so with the cruel intentions to defame me to the District Attorney and Parole Board and Public and to deprive me of liberty.

On 07/22/2016 Amanda Spivey, held a reckless disregard for the truth and wrongfully charged me

A/ 3 of 6

with possession of schedule one (ecstacy) without concluding that it was ecstacy and several days later the said drug was in fact determined to be N-ethylpentylone an unclassified substance.

Amanda Spivey, recklessy disregarded calling the Shreveport Police Department or another sufficient narcotics agency to properly and fully investigate any possible criminal charge involving a person not on parole.

On 07/22/2016 Amanda Spivey and Chris Walker, read me my rights to remain silent after charging me with possession; then transporting me to C.C.C. for booking and at which time; it was then and there that I was treated as if I could not remain silent and my silence was later reported in Amanda Spivey's incident report as wrongful act because I refused to read my urine on a screen. On 08/03/2016 Amanda Spivey reported that my right to remain silent after being charged with a crime was a violation of my parole.

On 07/22/2016 Amanda Spivey, intentionally submitted false and misleading reports to make me suffer, stress and fear; causing me mental abuse that resulted into physical pain of neck aches, mi-grain headaches, stomach pains, blurred vision, night sweats and finger cramps because of the anguish I to endure fighting a felony charge which was dismissed after

A/ 4 of 6

five grueling months; concurrent with the defamation of my name and character.

Amanda Spivey, exercised vindictiveness by intentionally adding stress, anxiety and mental abuse by delaying my liberty and denying my right to waive a preliminary revocation hearing; intentionally harrassed me on December 7th, 13th and 20th of 2016 to have a preliminary revocation hearing even after I had written an intelligent and aware request to waive the preliminary revocation hearing which was in fact given personally to her and the exact contents were mailed to Baton Rouge, LA (P.O. Box 94304) zip: 70804 expressing my sole desire to go directly before the parole board to express my cause to contest the parole violations brought against me by Amanda Spivey.

On 12/13/2016 Amanda Spivey, returned to the jail and presented an edited notice of preliminary hearing. I refused to accept the papers, however she gave the notice of preliminary hearing to Corpral Mixon, the housing unit officer on that day and he passed the papers to me and I witnessed that she had assigned a preliminary hearing to be held on 12/19/2016.

On 12/20/2016 Amanda Spivey, returned to the jail accompanied by a white female and they attempted to have a preliminary

A/ 5 of 6

hearing against my will and continued to do so without me present as witnessed by Corporal Marshall, the housing unit officer on that day.

On December 20th, 2016 I submitted an ARP here at the jail, but I was promptly told that my parole issue was not within the jail's jurisdiction.

On December 20th, 2016 I placed into the U.S. postal service a handwritten (ARP) about Amanda Spivey, to Louisiana Department of Public Safety and Corrections P.O. Box 94304 Baton Rouge, La 70804: No Response

On January 12th, 2017 I placed into the U.S. postal service a handwritten (ARP) about Amanda Spivey, to the Supervisor of the Shreveport District Probation and Parole office located on 2525 Youree Dr. S'port, La. 71104: No Response at this time.

A/ 6 of 6



Carlos M. L. Smith #503073
S.O.# 68203
DKT# 144134
P.O. Box 70110
Shreveport, La. 71137-0110

RECEIVED
JAN 19 2017
TONY R. MOORE, CLERK
BY _____ DEPUTY

Clerk of the United States
District Court for the Western
District of Louisiana
300 Fannin St, suite 1167
Shreveport, La. 71101-73088