UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF LOUISIANA

SHREVEPORT DIVISION

| | |
|---|---|
| **CARLOS MARTEL LYNN SMITH** | **CIVIL ACTION NO. 17-86-P** |
| **VERSUS** | **JUDGE FOOTE** |
| **AMANDA SPIVEY, ET. AL** | **MAGISTRATE JUDGE HORNSBY** |

**REPORT AND RECOMMENDATION**

In accordance with the standing order of this court, this matter was referred to the undersigned Magistrate Judge for review, report and recommendation.

**STATEMENT OF CLAIM**

Before the court is a civil rights complaint filed in forma pauperis by pro se plaintiff Carlos Martel Lynn Smith ("Plaintiff"), pursuant to 42 U.S.C. § 1983. This complaint was received and filed in this court on January 19, 2017. Plaintiff is incarcerated at the Caddo Correctional Center in Shreveport, Louisiana. He names Amanda Spivey, John Bel Edwards, James M. LeBlanc, Chris Walker, and the State of Louisiana as defendants.

Plaintiff claims Amanda Spivey was his parole officer. He claims that on July 22, 2016, Spivey arrested him and charged him with possession of a schedule I, CDS (ecstasy). He claims he had no control over his grandmother's house and couch where the suspected ecstasy was found. Plaintiff claims Spivey discriminated against him because he was on parole.

Plaintiff claims Spivey's incident report charging him with possession of illegal drugs contained the seal of the State of Louisiana and the names of Governor J.B. Edwards

and Secretary J.M. Leblanc. He claims Spivey and Parole Officer Chris Walker read him his rights and transported him to the Caddo Correctional Center for booking. He claims Spivey falsified her incident report by stating that he was read his Miranda rights and made a statement. He claims Spivey's incident report contradicts her arrest report in which she stated that he made no statements after he was read his Miranda rights. He claims Spivey made his silence seem like a wrongful act because he refused to take a urine test. He claims Spivey stated in her incident report that her office had evidence that he was in possession of a handgun. Plaintiff claims that in Spivey's August 3, 2016 parole revocation report she stated that the evidence regarding the handgun was on a Facebook social media page.

      Plaintiff claims Walker violated his right to remain silent by constructively coercing him to admit post-Miranda that the drugs belonged to him. He claims Walker violated his right to be free from a wrongful arrest because he read him his Miranda rights. He claims Walker disregarded the truth when he condoned the failure to do a field test on the suspected ecstasy. He claims Walker exposed him to inhumane treatment when he told him that if he did not accept the drug charge his grandmother would be charged. Plaintiff claims he told Walker that he was not taking a charge for anyone.

      Plaintiff claims that between June of 2016 and July 22, 2016, Spivey conspired with Kimberly Ann Poche to gain false information from her to defame him by alleging that he was a drug dealer, gun possessor, and domestic abuser. He claims Spivey received misleading information from a three-year-old who told her that he was in possession of a

gun. He claims Spivey conveyed this misleading information to his grandmother and publicized it in her incident reports and state court examinations.

He claims that Spivey falsely stated that he had two domestic abuse battery complaints from two different women in 2015. He claims Spivey knew that it was only one woman, Barbette Baker, and that she was a compulsive liar. He claims Spivey also falsely reported that he was implicated in the arson of one of the women's homes even though he had not been questioned or charged. He claims Spivey defamed his character to make him appear evil and deprive him of his liberty.

Plaintiff claims that on August 3, 2016, Spivey reported that his right to remain silent after being charged with a crime was a violation of his parole. Plaintiff claims the drug in question was later determined to be N-ethylpentylone, an unclassified substance. He claims Spivey did not call the Shreveport Police Department or other narcotics agency to investigate the criminal charge. He claims Spivey did not perform a field test on the suspected ecstasy before she charged him with illegal possession. Plaintiff claims the felony charge was dismissed after five months. He claims the false reports caused him to suffer stress, fear, physical pain in his neck, migraine headaches, stomach pains, blurred vision, night sweats, and finger cramps.

Plaintiff claims Spivey denied him the right to waive his preliminary revocation hearing. He claims that on December 7, 13, and 20 of 2016, she harassed him into having a preliminary revocation hearing even after he filed a written request to waive a preliminary revocation hearing.

Plaintiff claims that on December 13, 2016, Spivey presented him with an edited notice of preliminary hearing. He claims he refused to accept the papers, so Spivey gave them to Corporal Mixon to give to him. He claims a preliminary revocation hearing was set for December 19, 2016.

Plaintiff claims that on December 20, 2016, Spivey conducted a preliminary hearing against his will and without him present.

Plaintiff claims the State of Louisiana placed him in arrears from July of 2015 through December of 2015. He claims he was wrongfully arrested and incarcerated during these months. He claims the State of Louisiana placed him in arrears from July of 2016 through January of 2017. He claims he was incarcerated and wrongfully charged with possession of ecstasy. He claims the State of Louisiana made the excessive arrears a lifetime debt and burden for him.

Plaintiff claims John Bel Edwards is the Governor of Louisiana. He claims his name is used as a supporting title name on the false and defaming incident report made by Amanda Spivey. Plaintiff claims Secretary James M. LeBlanc's name is also used as a second supporting title mane on the false and defaming incident report made by Amanda Spivey.

Plaintiff claims his parole was revoked based on his wrongful arrest, the defaming incident report, arrears, and his exercise of his right to remain silent when he refused to submit to a drug test.

Accordingly, plaintiff seeks monetary damages.

## LAW AND ANALYSIS

**State of Louisiana**

Plaintiff names the State of Louisiana as defendant in this action and seeks monetary damages. "The Eleventh Amendment bars suits by private citizens against a state in federal court." K.P. v. LeBlanc, 627 F.3d 115, 124 (5th Cir. 2010). Congress has abrogated Eleventh Amendment immunity by the enactment of some federal statues, but 42 U.S.C. § 1983 is not one of them. Quern v. Jordan, 99 S.Ct. 1139 (1979). State law claims are also barred by the immunity. Richardson v. Southern University, 118 F.3d 450, 453 (5th Cir. 1997).

Accordingly, Plaintiff's claim against the State of Louisiana should be dismissed without prejudice because this court lacks subject matter jurisdiction.

**Governor John Bel Edwards and Secretary James M. LeBlanc**

Plaintiff names Governor Edwards and Secretary LeBlanc in their official capacities as defendants in this action and seeks monetary damages against them. He alleges the Seal of Louisiana and Governor Edwards and Secretary LeBlanc's names were on Spivey's incident report charging him with possession of drugs.

Plaintiff is suing Governor Edwards as an executive officer for the State of Louisiana. An official-capacity claim against the Governor of Louisiana is equivalent to suing the State itself. See Will v. Mich. Dep't of State Police, 491 U.S. 58, 71 (1989). The Governor is considered an arm of the State of Louisiana for Eleventh Amendment purposes because any money judgment against him would be paid from state funds. See Edelman v.

Jordan, 415 U.S. 651, 663 (1974) (suit against a state governor in their official capacity is a suit against the sovereign.) The court, therefore, is without jurisdiction to hear Plaintiff's claims against Governor Edwards in his official capacity as Governor of the State of Louisiana under the Eleventh Amendment. See Warnock v. Pecos County, Tx., 88 F.3d 341, 343 (5th Cir. 1996).

Eleventh Amendment immunity covers state agencies that may be properly characterized as arms of the state. Porche v. St. Tammany Parish Sheriff's Office, 67 F. Supp. 2d 631, 632 (E.D. La. 1999). The Fifth Circuit has found that the Louisiana Department of Public Safety and Corrections enjoys Eleventh Amendment immunity. Champagne v. Jefferson Parish Sheriff's Office, 188 F.3d 312, 313 (5th Cir. 1999). As previously stated, the Eleventh Amendment bars claims for damages when the claimant is suing state officers in their official capacities, and the damages would be paid out of the state treasury. Chrissy F. by Medley v. Miss. Dep't of Pub. Welfare, 925 F.2d 844, 849 (5th Cir. 1991).

Both Governor Edwards and Secretary LeBlanc have Eleventh Amendment immunity which deprives the court of subject matter jurisdiction. Furthermore, the conclusory allegations against them (which arise only because their names were on the paperwork) are insufficient to support Plaintiff's claim.

**Parole Officers Amanda Spivey and Chris Walker**

Plaintiff is seeking monetary damages for an allegedly unconstitutional parole revocation and sentence. The United States Supreme Court held that in order to recover

monetary compensation for an allegedly unconstitutional conviction or sentence or for "harm caused by actions whose unlawfulness would render a conviction or sentence invalid," a prisoner must show that the conviction or sentence has been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas." Heck v. Humphrey, 512 U.S. 477, 486–87, 114 S.Ct. 2364, 2372 (1994). Heck involved a civil rights claim brought by a state prisoner. The Court dismissed the Section 1983 suit until plaintiff could demonstrate that his conviction or sentence had been invalidated. The holding in Heck has been extended to parole revocation proceedings. Littles v. Bd. of Pardons and Paroles Div., 68 F.3d 122, 123 (5th Cir.1995).

When a claim comes within the parameters of the Heck teachings, it is not cognizable under 42 U.S.C. § 1983 so long as the validity of the conviction or sentence has not been called into question as defined therein, which requires dismissal of claims not meeting its preconditions for suit. See Johnson v. McElveen, 101 F.3d 423, 424 (5th Cir.1996).

Plaintiff is seeking monetary damages for civil rights violations under Section 1983; therefore, he must prove that his parole revocation or sentence has been invalidated. He has not met this precondition and his complaint must be dismissed until such time that he can demonstrate that his parole revocation or sentence has been invalidated.

## CONCLUSION

Because Plaintiff filed this proceeding in forma pauperis, if this court finds Plaintiff's complaint to be frivolous, it may dismiss the complaint as such at any time, before or after service of process, and before or after answers have been filed. 28 U.S.C. § 1915(e); Green v. McKaskle, 788 F.2d 1116, 1119 (5th Cir. 1986); Spears v. McCotter, 766 F.2d 179 (5th Cir. 1985). District courts are vested with extremely broad discretion in making a determination of whether an in forma pauperis (IFP) proceeding is frivolous and may dismiss a claim as frivolous if the IFP complaint lacks an arguable basis either in law or in fact. Hicks v. Garner, 69 F.3d 22 (5th Cir. 1995); Booker v. Koonce, 2 F.3d 114 (5th Cir. 1993); Neitzke v. Williams, 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989).

Accordingly;

**IT IS RECOMMENDED** that Plaintiff's civil rights claims against the State of Louisiana, John Bel Edwards, and James M. LeBlanc be **DISMISSED WITHOUT PREJUDICE** for lack of subject matter jurisdiction and Plaintiff's civil rights claims against the remain Defendants seeking monetary damages for his allegedly unconstitutional parole revocation and sentence be **DISMISSED WITH PREJUDICE** as frivolous under 28 U.S.C. § 1915(e) until such time as the Heck conditions are met.

**IT IS FURTHER RECOMMENDED** that Plaintiff's motion for preliminary injunction [Doc. 21], motion for leave time [Doc. 22], motion for settlement [Doc. 23], motion for appointment of counsel [Doc. 24], and second motion for settlement [Doc. 25] be **DENIED**.

## OBJECTIONS

Under the provisions of 28 U.S.C. 636(b)(1)(C) and Fed. R. Civ. Proc. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. Proc. 6(b). A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. See Douglas v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

**THUS DONE AND SIGNED**, in chambers, at Shreveport, Louisiana, on this the 14th day of February 2020.

Mark L. Hornsby
U.S. Magistrate Judge